SECOND DISTRICT—AUGUST, 1916.     465

Allison v. Belvidere Screw & Machine Co., 200 Ill. App. 465.

## Harry Allison, Appellee, v. Belvidere Screw & Machine Company, Appellant.

### Gen. No. 6,247.   (Not to be reported in full.)

Appeal from the Circuit Court of Boone county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

### Statement of the Case.

Action by Harry Allison, plaintiff, against Belvidere Screw & Machine Company, defendant, to recover a balance of $68.60 claimed to be due for services. From a judgment for plaintiff for $50, defendant appeals.

It was conceded in the court below that the plaintiff had worked for defendant 196 hours, for which he had not been paid, and that the wages he received for such work was at the rate of thirty-five cents per hour, which would amount to the sum of $68.60; but defendant claimed that the plaintiff, in his employment as a screw machine operator, in turning out some bushings, which the defendant had a contract to manufacture and deliver to the Fox Machine Company, had done some of his work defectively, which resulted in damages to the defendant to the amount of $37.45, and sought to recoup these damages against the amount admitted to be due plaintiff.

W. C. DeWolf, for appellant.

ALEXANDER J. STROM, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 41*—*when evidence sufficient to sustain verdict.* In an action by an employee to recover for wages as a screw machine operator, when the amount of work done was undisputed, but defendant endeavored to recoup damages for defective work which had been returned by a purchaser and credit given the latter for a certain sum, where there was evidence that the cost of the materials and labor amounted to the sum claimed by defendant, that the returned articles were worthless for sale, but no proof that the articles might or might not be of any value for any other purpose, evidence *held* sufficient to sustain a verdict in which defendant was allowed about one-half of his claim.

2. APPEAL AND ERROR, § 1523*—*when error in instruction harmless.* Any error in a given instruction is harmless where it is not misleading and it cannot have any effect on the verdict.